IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Romus Demond Ellis,<br><br>Plaintiff,<br><br>v.<br><br>Sgt. Mosses; Cpl. J. Gee; Mrs. Hicks; Jackson,<br><br>Defendant. | C/A No. 0:26-cv-3056-JFA-PJG<br><br>**ORDER** |

Plaintiff Romus Demond Ellis, proceeding pro se, filed this civil action against the above-named Defendants. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

After performing an initial review of the complaint, the Magistrate Judge issued an order directing Plaintiff to file the documents necessary to bring this case into proper form for initial review and the issuance and service of process. (ECF No. 6). The order warned Plaintiff that failure to comply within the time permitted would subject this case to summary dismissal. Plaintiff failed to respond to that order.

Thereafter, the Magistrate Judge prepared a thorough Report and Recommendation[1] ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines the Complaint is subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

41. *Id.* The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff was advised of his right to object to the Report, which was entered on the docket on August 28, 2026. *Id.* The Magistrate Judge required Plaintiff to file objections by September 11, 2026. *Id.* Plaintiff failed to file objections. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Plaintiff has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report and prior orders indicates that the Magistrate Judge correctly concluded that Plaintiff's Complaint is subject to dismissal pursuant to Rule 41.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 10). Consequently, this action is summarily dismissed without prejudice for failure to prosecute.

IT IS SO ORDERED.

November 2, 2026
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge